**KENTUCKY CENTER FOR THE ARTS, A Corporation, Appellant,**

v.

**WHITTENBERG ENGINEERING & CONSTRUCTION COMPANY, a Corporation, and Federal Insurance Company, Appellees.**

No. 86–CA–2828–MR.

Court of Appeals of Kentucky.

Nov. 13, 1987.

Rehearing Denied Jan. 29, 1988.

Discretionary Review Denied By Supreme Court March 22, 1988.

Ronald L. Gaffney, Lea Pauley Goff, Barnett & Alagia, Louisville, for appellant.

David B. Ratterman, Edward L. Schoenbaechler, Goldberg & Simpson, P.S.C., Louisville, for appellees.

Before CLAYTON, DYCHE and McDONALD, JJ.

McDONALD, Judge:

This appeal comes from the dismissal of Kentucky Center for the Arts' complaint pursuant to a judgment on the pleadings under CR 12.02(a) and (f), in conjunction with CR 17.01, the failure to prosecute in the name of the real party in interest.

The procedural history is thus: On January 21, 1986, suit was filed by the Kentucky Center for the Arts, a Corporation, (K.C.A.), against Whittenberg Engineering and Construction Company. The cause within the complaint is for breach of contract for deficiencies and defective work in the construction of Phase "C" of the complex known as Kentucky Center for the Arts in downtown Louisville. On February 21, 1986, an amended complaint included Federal Insurance Company, Whittenberg's surety on its performance and payment bonds, as an additional defendant.

On February 12, 1986, Whittenberg filed a motion to dismiss, setting forth grounds under (1) CR 12.02(a), the trial court's lack of subject matter jurisdiction; (2) CR 12.02(f), K.C.A.'s failure to state a claim upon which relief can be granted; and (3) CR 17.01, in that the suit was not filed in the name of the real party in interest.

On October 1, 1986, an order of dismissal was entered stating that K.C.A. was "found not to be the real party in interest and is *without interest* to maintain this litigation." [Emphasis added.]

On October 10, 1986, a motion to alter, amend or vacate a judgment pursuant to

CR 59.05 was filed, and overruled on November 3, 1986. Notice of appeal was filed on December 3, 1986.

On appeal it is asserted that the trial court erred in holding that K.C.A. is not the real party in interest and lacks sufficient interest to bring or maintain the action.

On review, we must consider statutory authority under KRS Chapter 153. Specifically encountered are the following provisions:

In part, KRS 153.400 provides:

The Kentucky Center for the Arts will serve as catalyst in the development of Louisville and Jefferson county as a major convention and entertainment center. The Kentucky Center for the Arts Corporation will have as management priority the stimulation of the Jefferson County hotel industry and promotion of tourism through....

In part, KRS 153.410(3) provides:

The Kentucky Center for the Arts Corporation shall be a body corporate with *full corporate powers.* [Emphasis ours.]

In part, KRS 153.420 provides that the Kentucky Center for the Arts Corporation:

(1) Shall supervise construction of the Kentucky Center for the Arts in conjunction with the finance and administration cabinet, and shall provide all management functions for the facility and for any other property acquired or leased pursuant to its powers under this section;

(2) May take, acquire and hold property, and all interests therein, by deed, purchase, gift, devise, bequest, lease or eminent domain, or by transfer from the state property and buildings commission, and may dispose of any property so acquired in any manner provided by law.

■ The following facts were undisputed before the trial court: (1) No articles of incorporation are on file with the Secretary of State on behalf of K.C.A.; (2) K.C.A. holds no legal title or interest in the subject property (the Complex); and (3) there was no contract between Whittenberg and K.C.A.

On the other side of the coin, K.C.A. was a signatory to the approval of the contract with Whittenberg; K.C.A. was charged with and did in fact supervise the construction of all phases of the complex, and in particular Phase "C"; and K.C.A. is charged with the management, operations and maintenance of the complex after construction.

The trial court, as we have, labored and struggled with the issue herein and concluded:

Whether Kentucky Center for the Arts Corporation can sue or be sued is a very difficult question. The express statutory language indicating that it is a "body corporate, duly formed with full corporate powers" at first glance seems undeniably clear, but it is bothersome that no notice is given to a member of the public who might want to sue this entity and finds it not listed with the Secretary of State with a designated person to receive service of process.

... This knowledge coupled with the fact that the enumeration of the power to sue or be sued is absent from the statute is puzzling in light of the statutory language "full corporate powers."

Nonetheless, resolution of these perplexing set of questions is unnecessary to this action. It is unnecessary to decide whether the Kentucky Center for the Arts can sue or be sued if it is not the proper entity to sue *at all* under the circumstances found here.

The Legislature has made the Kentucky Center for the Arts Corporation *manager* of the property. It said it should *supervise* the construction. It said it was capable of holding property in its name but never gave it any property to hold. The Commonwealth contracted for the construction and it paid for it.

Under these circumstances the Kentucky Center for the Arts is found by the Court not to be the real party in interest and is without interest to maintain this litigation. The motion of the Defendant to dismiss is sustained.

It is our opinion that the trial court was too restrictive in its interpretation of CR

17.01. The result, a dismissal of the action, is too harsh.

In C. Wright and A. Miller, *Federal Practice and Procedure,* Civil §§ 1542 and 1543 (1971), the federal rule is construed that the real party in interest may be one with only a significant interest in the litigation; therefore, K.C.A. certainly qualifies. Also, it is commented in § 1543 as follows:

> [T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata.

■ The Kentucky rule, as commented upon in 6 W. Bertelsman and K. Philipps, *Kentucky Practice—Rules of Civil Procedure,* p. 349 *et seq.,* (4th ed. 1984), follows the same commentary theme as the federal rule. We quote, "The policy behind the real party in interest rule is to identify the person who possesses the right to be enforced. The term calls attention to whether the plaintiff has a *significant* interest in the action he has instituted." [Emphasis added.] A significant interest, in our opinion, may be less than a legal or title interest.

Absent prior decisions on point, but given the guidance under both the federal and state commentaries, it is our conclusion that K.C.A. had a *significant interest* under the facts of this case in the litigation, notwithstanding the fact that it did not possess a legal interest or title in the property. We reverse the trial court in its dismissal of K.C.A.'s complaint and respectfully direct that it be reinstated.

All concur.